### JACOB HOLBERG *v*. THE TOWN OF MACON.

1. CERTIORARI. *To municipal corporation. Common-law remedy.*
   The Circuit Court has, by the common law, jurisdiction, upon *certiorari*, to examine and reverse judicial proceedings had before the mayor of a municipal corporation, although there be no statute providing for a *certiorari* in such case.

2. PRIVILEGE TAX. *Power of municipal corporation to levy.*
   A privilege tax levied by a municipal corporation, which is the same on all persons pursuing the same profession or occupation, and not exceeding the amount authorized by statute, is not violative of that provision of the Constitution requiring that "taxation shall be equal and uniform throughout the state;" and the fact that some professions and trades taxed by the state are not taxed by such corporation does not affect the validity of the tax on others.

ERROR to the Circuit Court of Noxubee County.

Hon. J. M. ARNOLD, Judge.

The corporation of the town of Macon levied a privilege tax upon various trades and professions, and amongst others, a tax upon merchants selling spirituous liquors in quantities of one gallon and more. The plaintiff in error, Jacob Holberg, who was a merchant selling spirituous liquors in quantities of one gallon and more, refused to pay the tax, and for such refusal was fined by the mayor of the town. He asked for an appeal, from the judgment imposing the fine upon him, to the Circuit Court; which the mayor denied him, on the ground that no appeal could be taken from his court; but he agreed with Holberg that the case might go to the Circuit Court as upon *certiorari*. In the Circuit Court the case was dismissed for want of jurisdiction in that court.

*Orr, Meek & Sims,* for the plaintiff in error.

1. The writ of *certiorari* is a common-law remedy, independent of our statutes, and is in all cases a proper remedy for having the judgments of inferior tribunals revised and corrected. 3 Bouv. Inst. 557–559. Where no mode of appeal is given, it is the remedy. *Couch,* ex parte, 14 Ark. 499 ; *The State* v. *Stewart,* 5 Strobh. 29 ; *The People* v. *Wilkinson,* 13 Ill. 660 ; *Anon.* v. *Haywood,* 1 Tayl. 302 ; *Street* v. *Clark,* 1 Taylor, 15.

2. The corporate authorities of a town of this state have no power to discriminate between those who, by the general law of the state, are required to pay a privilege tax. And when the Legislature has designated the classes to be taxed, a discrimination between these classes by a town becomes obnoxious to the constitutional limitation that "taxation shall be equal and uniform throughout the state." 2 Dill. on Mun. Corp., sec. 622 ; *Gilman* v. *City of Sheboygan,* 2 Black, 515–517 ; *Mayor and Aldermen of Mobile* v. *Dargan,* 45 Ala. 320. The taxing power of the town is to be strictly construed. Cooley on Tax. 209, 387 ; 1 Dill. on Mun. Corp., secs. 55, 251, 256, 263, 336, 620.

*Jarnagin & Jarnagin,* for the defendant in error.

The Constitution of this state does not confer any appellate power upon Circuit Courts. If appellate jurisdiction is not vested in the Circuit Courts by express statute, they are without such jurisdiction. And there is nothing in the laws of the state, or in the Charter of the town of Macon, that vests any appellate jurisdiction in the Circuit Court in this case. If, therefore, no appeal will lie from the Mayor's Court to the Circuit Court, it is certain that this case being brought by *certiorari* does not give the latter court jurisdiction to revise the decision of the former. Nothing was waived by the agreement of the parties, except the petition and *fiat* for the *certiorari.* The case was properly dismissed for want of jurisdiction in the Circuit Court.

CHALMERS, J., delivered the opinion of the court.

The appeal taken from the Mayor's Court was dismissed in the Circuit Court, upon the ground that the latter tribunal had no jurisdiction by law to entertain appeals from the former.

Whether this be true or not, the Circuit Court has, by the common law, jurisdiction by *certiorari* to revise the proceedings of inferior tribunals, and it is agreed by the parties that the proceedings here shall be treated as by *certiorari*.

Says Judge Dillon, in his work on Municipal Corporations:

"The unquestionable weight of authority in this country is, if an appeal be not given, or some specific mode of relief provided, that the superior common-law courts will, on *certiorari*, examine the proceedings of municipal corporations, even though there be no statute giving this remedy; and if it be found that they have exceeded their chartered powers, or have not pursued those powers, or have not conformed to the requirements of the charter or law under which they have undertaken to act, such proceedings will be reversed or annulled. An aggrieved party is, in such case, entitled to a *certiorari, ex debito justitiæ.*" 2 Dill. on Mun. Corp., sec. 740, and authorities there cited.

By the agreement of the parties we understand that we are invited to pass upon the whole merits of the case, and, looking to the merits, the appellant was not aggrieved by the refusal of the Circuit Court to take jurisdiction of his case. His complaint is that a privilege tax has been imposed by the corporate authorities on the class of merchants to which he belongs, while sundry other classes of business men in the town were not embraced in such taxation; and this he contends is violative of the constitutional provision (art. 12, sec. 20) that "taxation shall be equal and uniform throughout the state. All property shall be taxed in proportion to its value, to be ascertained as directed by law." It is well settled that, if provisions of this character apply at all to privilege taxes

imposed on business pursuits and professions, all that is nec-
essary in levying them is that all persons pursuing the same.
occupation shall be taxed the same amount, or in the same
ratio.

It is not necessary that every conceivable calling shall be
embraced. The Legislature, by the act of 1875 (Sess. Acts.
1875, p. 3), authorized municipal corporations to levy privi-
lege taxes, not exceeding fifty per cent upon the amounts.
already levied for state purposes.

It was not essential that the corporations, in making their
levies, should embrace every trade or profession taxed by the
state. *City of Sacramento* v. *Crocker*, 16 Cal. 119; *Burch*
v. *City of Savannah*, 42 Ga. 596; *Home Ins. Co.* v. *City of*
*Augusta*, 50 Ga. 530; *Anderson* v. *Kerns*, 14 Ind. 199;
*Bright* v. *McCullough*, 27 Ind. 223; *The State* v. *Valkmar*,.
20 La. An. 585.

Judgment affirmed.