CLARKSDALE INSURANCE AGENCY *v.* WILLIAM Q. COLE, INSURANCE COMMISSIONER.

[40 South. Rep., 228.]

1. CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 112. *Privilege taxes. Taxation.*

The equality and uniformity clause of Constitution 1890, sec. 112, providing that taxation shall be equal and uniform, applies only to *ad valorem* taxes for general purposes, and has no relation to privilege taxes.

2. SAME. *Laws* 1904, *ch.* 76, *sec.* 49, *p.* 69.

Laws 1904, ch. 76, sec. 49, p. 69, imposing a privilege tax of fifty dollars on each insurance agency and a tax of fifteen dollars on each insurance agent, does not constitute double taxation as discriminating against corporations.

3. SAME. *Corporations.*

Both foreign and domestic corporations may be subject to such privilege taxes as the legislature sees fit to impose.

FROM the circuit court of, second district, Coahoma county. HON. SAMUEL C. COOK, Judge.

---

638 INSURANCE AGENCY v. COLE.    [Nov., 1905.

The Clarksdale Insurance Agency, a corporation, the appellant, was plaintiff in the court below; Cole, the insurance commissioner of the state, the appellee, was defendant there. The object of the suit was to recover privilege taxes which the plaintiff had paid under protest. From a judgment in favor of defendant the plaintiff appealed to the supreme court.

The case was tried on an agreed statement of facts, in substance as follows: Plaintiff was a corporation, organized under the laws of the state of Mississippi, its business being exclusively that of an insurance agency. The business transacted by plaintiff was the same as that transacted by all other insurance agencies in the state—to wit, acting as agent of fire-insurance companies engaged in business in the state and collecting premiums from the insured. The business of the agency was conducted by the officers of the agency, and was of like character with the business of other agencies conducted by private individuals acting as insurance agents in the state. The privilege-tax law of 1904 (Laws 1904, ch. 76, sec. 49, p. 69) taxes insurance agencies operating in towns of less than three thousand inhabitants with a privilege tax of fifty dollars, and it was admitted that Clarksdale, in which the plaintiff operated, has less than three thousand inhabitants. The same section levies a tax of fifteen dollars on each insurance agent. The managing officers of the plaintiff each paid such tax of fifteen dollars per year, which amount was refunded to each officer by the agency. In addition to this privilege tax, the agency was required to pay a tax of fifty dollars per year, and they paid this privilege tax under protest for the years 1904 and 1905.

*John W. Cutrer,* for appellant.

There are three grounds upon which the tax imposed upon appellant is assailed:

First—It is unconstitutional, because it seeks to impose and put in operation upon the appellant—solely because it is a corpo-

ration—unequal, illegal, and burdensome taxes and assessments not imposed upon other persons not corporated, similarly situated, exercising the like privileges, and following the same business in the state of Mississippi.

Second—Because the taxes by the said act sought to be imposed upon appellant are double taxations and burdens not imposed upon other persons similarly situated and circumstanced and pursuing the same vocation, whereby it is sought to tax appellant twice for the performance of the same rights and privileges which are exercised by other persons and agents not corporated, who act and exercise rights and privileges and pursue a vocation and business exactly the same, under the identical circumstances and conditions, as those exercised and pursued by appellant, solely because appellant is a corporation.

Third—Because the said statute denies to the appellant the equal protection of the law guaranteed to it by the fourteenth amendment to the constitution of the United States.

It is admitted necessarily that a corporation is a person within the meaning of all constitutional provisions which require uniformity of taxation and inhibit the imposition of unequal burdens upon taxpayers. *San Mateo County* v. *Southern Pacific R. R. Co.,* 13 Fed. Rep., 722; *Santa Clara County* v. *Southern Pacific R. R. Co.,* 18 Fed. Rep., 385 (116 U. S., 138).

This rule is maintained and enforced, not only by the courts of the United States, but by the courts of all the states. *Ballard* v. *Oil Co.,* 81 Miss., 507 (s.c., 34 South. Rep., 533).

Corporations are entitled to be treated by the law as individuals, and before there can be any discrimination or classification made which can legally have the effect to impose burdens on corporations there must be a classification which shall rest upon some difference which bears a reasonable and just relation to the business in respect to which the classification is proposed, and this can never be made arbitrarily.

All persons, natural and artificial, are held entitled to the

same privileges under the same conditions.   If there is an effort
to impose burdens upon one in respect. to the same business
which are not imposed upon the other, then there is a discrim-
ination which impairs their legal rights before the law.

The facts disclosed by the record show that appellant, as a
corporation, was and is engaged in identically the same business
as all other insurance agents in the state of Mississippi, except
that other agents are natural persons, while appellant is an artifi-
cial person.

There must be uniformity of taxation and an equalization of
the burdens of government.

The business of an insurance agent is one open to all.    The
tax imposed in this instance is for the purpose of raising revenue,
and it is, therefore, a revenue tax.    1 Desty on Taxation, 305.

With reference to this class of revenue tax, the constitutional
requirement of uniformity and equality is satisfied by the tax
being levied on all persons alike who engage in the occupation
taxed, without discrimination on account of the business done
or the person, natural or artificial, who may engage in the busi-
ness.    1 Desty on Taxation, 301.

Our own court has held that, in the levying of privilege taxes,
it is necessary that "all persons pursuing the same occupation
shall be taxed the same amount or in the same ratio."    *Holberg*
v. *Town of Macon,* 55 Miss., 112.

. While it is not necessary that all persons pursuing every occu-
pation should be taxed, nevertheless, where taxes are imposed
upon any trade or vocation, the rule of uniformity must be
strictly maintained.

. The same rule has been held by other courts wherever the
question has been presented, and that is, that if there is a want
of uniformity in the tax imposed, the statute levying the tax
is void, for the reason that no tax can be maintained which vio-
lates the requirement of uniformity.    *Stale* v. *Moore,* 22 L. R.
A., 472.

In like manner, it has been held that the business of a hawker, or peddler, is so far a legitimate and moral business that the distinction attempted to be made between peddling by the manufacturer, mechanic, and farmer, and the peddling of the same articles by the purchasers from these parties, constitutes no proper classification, and that the classification so attempted or fixed has no proper or natural distinction, but is arbitrary and contravenes the constitutional rule of uniformity and equality before the law. *Srare* v. *Wagoner,* 38 L. R. A., 677.

Not only is this the rule which is maintained by the state courts as dealing with the question in the light of state constitutions, but the same view is taken by the courts when considering this question with reference to the effect of the fourteenth amendment to the constitution of the United States.

It has been uniformly held that the effect of the fourteenth amendment is that every person, natural or artificial, shall be entitled to the equal protection of the courts, and that, within the scope of this amendment, "the reach and influence of which are immense," must be found to be embraced an inhibition against the imposition of privilege license which bears unequally on the subjects thereof.

So it has been held that a state statute which forbids peddling, except under a license, and which provides that citizens may be duly licensed, but that aliens shall not be, is a denial of the equal protection of the laws as to the latter, and an unconstitutional discrimination against them not sustainable as a proper exercise of the police power of the state. *State* v. *Montgomery,* 80 Am. St. Rep., 386.

The same amendment forbids arbitrary classification of persons. Differentiation and classification must be reasonable and based upon real differences in the situation, conditions, and tendencies of things. If there is no real difference between locality, person, occupation, or purpose, the state cannot make one in favor of some persons over others, and any statute which seeks

to impose an arbitrary and unreasonable distinction is unconstitutional.    *State* v. *Mitchell,* 94 Am. St. Rep., 481.

An examination of the facts in this case shows that the rules of uniformity and equality of taxation and of equal protection guaranteed have all been violated.

The statute under discussion imposes an unequal and burdensome tax not imposed upon other persons similarly situated.    In other words, all other insurance agents similarly situated are required to pay a tax of only fifteen dollars, while appellant is manifestly required to pay a tax of fifty dollars for the exercise of the same privilege in the same locality and under identically similar conditions.    This is inequality beyond question.

In the next place, appellant is subjected to double burdens and taxation in that it is required to pay an unjust, unequal, and unlawful tax of fifty dollars, and then, before it can transact the business for which it has been required to pay this tax of fifty dollars, it must pay for its president, or managing officer, a tax equal to the tax paid by an individual insurance agent—to wit, a further tax of fifteen dollars per annum.

This is double taxation imposed upon appellant pursuing the same vocation pursued by its competitor, an individual, who is required to pay only the single tax of fifteen dollars.    Thus the statute requires appellant to pay an increased tax of fifty dollars, as stated above, while its competitor, upon the payment of a less tax—to wit, fifteen dollars—is permitted to transact his business and to employ as many salaried agents as he may see proper, appellant being required to pay further taxes for its agents and representatives before it can transact any business whatsoever.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The sole question presented in this appeal is as to the constitutionality of Acts 1904, ch. 76, sec. 49.

In the very beginning, it must be remembered that occupation and privilege taxes are not property taxes, and, therefore, not

subject to the restrictions imposed upon property taxation by statute and state constitutions.    21 Am. & Eng. Ency. Law (2d ed.), 775.

It is, therefore, permissible for the legislature to tax any occupation or calling, and it may make any selection of the subjects of taxation.    Further, these subjects of taxation may be classified at the discretion of the legislature, and if all of the same class are taxed alike, there is no violation of the constitutional requirement of equality and uniformity.    *Bank* v. *Worrell,* 67 Miss., 47 (s.c., 7 South. Rep., 219).    If, then, there are two classes of insurance agents—individuals acting as agents, and incorporated companies acting as agents—the one possessing rights, powers, privileges, and advantages not enjoyed by the other, then a proper basis of discrimination and classification does exist, and the legislature violates no provisions of either the state or federal constitution.    It is a matter of common knowledge that a corporation enjoys certain advantages denied to individuals, partnerships, and unincorporated bodies—advantages inherent in the very nature of corporations.    And were it not so, why incorporate?    If this particular agency enjoys no advantage over the individual agent, why go to the trouble and expense of securing a charter?    The very fact that incorporation is sought and secured is a sufficient answer to any claim that it is not a proper subject for a distinct and separate classification.

But it is easy to demonstrate the particular advantage to be secured by an incorporated insurance company.    It will be remembered that our insurance laws expressly condemn what are known as "rebates" in rates of insurance—that is, it is unlawful for an insurance agent to give one man a rebate, or reduction from the regular rate offered or granted to the public generally. But see how an incorporated company may evade the law.    Suppose that, in the city of Jackson, an insurance agency with a capital of five hundred dollars should be organized.    (It is submitted that a very small capital stock is sufficient to organize an

insurance agency.) Suppose that this capital stock is divided into one hundred shares of five dollars each, and the stock is taken by one hundred of the leading property owners of the city. Suppose, again, this agency employs a manager, who places all the insurance carried by these one hundred stockholders in companies represented by this agency, collects the premiums, and retains his regular commission for writing insurance. What becomes of these commissions? They represent, of course, the earnings of the corporation, and are distributed as dividends to the holders of the stock. In this way the stockholders get their rebate, and no provision of law is violated. Or, suppose the charter of incorporation provides that the capital stock shall be paid in work or labor, either actually performed or in good faith promised to be done, as many charters provide; then the fortunate incorporator gets his rebate without the payment of a dollar of actual cash. It will thus be seen that the incorporated insurance company, by the simple device of selling its patrons small blocks of capital stock, may secure an immense advantage over its unincorporated competitors. This is a distinction and advantage that amply warrants a classification. Nor is authority lacking for this contention. Thus it has been held that it is lawful to discriminate between a merchant selling by sample and the ordinary merchant. *Ex parte Thornton,* 12 Fed. Rep., 538.

It is lawful to discriminate between merchants selling sewing machines by wholesale and those selling them by retail. *Singer Co.* v. *Wright,* 33 Fed. Rep., 121.

So one may be forced to pay a license to sell articles not manufactured by himself, where stockholders in the company manufacturing the articles are exempt from such privilege tax. *American Harrow Co.* v. *Shaffer,* 68 Fed. Rep., 750.

So one peddling meat from a vehicle may be taxed at a certain rate, and another not using a vehicle may pay a lower tax. *Ex parte Heylman,* 92 Cal., 492; *Davis* v. *City of Macon,* 64 Ga., 128.

So transient merchants may be distinguished from stationary merchants. *City of Ottawa* v. *Zekind,* 29 L. R. A., 734.

So persons who sell meat in private markets may be taxed, while persons selling meat in public markets are exempt. *City of New Orleans* v. *DuBarry,* 33 La. Ann., 481.

Authorities can be multiplied indefinitely on this proposition. Suppose, for illustration, that a privilege-tax law should be passed taxing insurance agents that allow rebates one amount, and those refusing rebates a smaller amount; would it be seriously contended that there was no sufficient basis of classification? Yet this proposition of incorporating insurance companies amounts to exactly the same thing. It is insisted that the legislature has a perfect right to classify insurance agents, and that the classification is reasonable, and not arbitrary, unfounded, or capricious.

But there is another consideration that will uphold the statute. Corporations exist only by legislative sufferance; they are the creatures of the legislature, and as such it is within the power of the legislature to prescribe the conditions of their existence. They may organize only in the way pointed out by the statute. They pay such fees for organizing as the statute prescribes. It is within the power of the legislature to impose such privilege taxes on any and all corporations as its judgment may dictate. It is well settled that a state may impose a privilege tax upon a foreign corporation as a condition upon which it will be allowed to exercise its franchise and privileges in the state. *Western Union Telegraph Co.* v. *Lieb,* 76 Ill., 172.

The power to impose license taxes on corporations seems to be recognized in *Evening Journal Ass'n* v. *State Board, etc.,* 54 Am. St. Rep., 114. This precise point has been repeatedly adjudicated by the supreme court of the United States. Thus it has been held that a license tax on corporations engaged in operating railroads and canals is not invalid, the court using this language:

"The exercise of the authority which every state possesses to

tax its corporations and all their property, real and personal, and their franchises, and to graduate the tax upon the corporations according to their business or income, . . . cannot be regarded as conflicting with any constitutional power of congress." *Minot* v. *Grand Trunk Ry. Co.*, 142 U. S., 217.

Possibly the most luminous discussion of this proposition is found in the opinion of Justice Field in *Horn, etc., Co.* v. *State*, 143 U. S., 305. We feel that this opinion argues the proposition sufficiently.

As to the claim of double taxation, it is sufficient to say that the privilege tax upon the agent actively soliciting business and the corporation, considered as a distinct corporate entity, is permissible. *McIver* v. *Clarke*, 69 Miss., 415 (s.c., 10 South. Rep., 581); *Temple* v. *Sumner*, 51 Miss., 13; *Mitchell* v. *Meridian*, 67 Miss., 644 (s.c., 7 South. Rep., 493).

Truly, J., delivered the opinion of the court.

It is settled in this state that "the equality and uniformity" clause of the constitution applies only to *ad valorem* taxes for general purposes. *Daily* v. *Swope*, 47 Miss., 367. It is also settled that it is competent for the legislature to tax any occupation or calling, according to its discretion, and if all of the same class are taxed alike, the constitutional mandate is complied with. *Bank* v. *Worrell*, 67 Miss., 47 (7 South. Rep., 219); *Holberg* v. *Macon*, 55 Miss., 112.

The contention that the imposition of this privilege tax is double taxation, in that it discriminates between corporations and individuals, to the disadvantage of corporations, is unsound. All corporations transacting business as insurance agents are taxed; all individuals engaged in the same occupation are taxed. This is an occupation or privilege tax, graduated by a standard fixed by the legislature. All of the same class are taxed alike, and this fulfills the requirement of the law. *McIver* v. *Clarke*, 69 Miss., 415 (10 South. Rep., 581). It is thoroughly compe-

tent for the legislature, representing the sovereignty of the state, to affix any condition which it sees fit to prescribe, and to impose any liabilities which, in its judgment, are wise, as provisos upon the permission to incorporate. Being vested with plenary power either to permit or absolutely forbid the formation of domestic corporations of any and every kind, it is authorized to affix any requirement as a condition precedent to the formation of a corporation. The legislature has the power to say to those desiring to form a domestic corporation: "You may do so, and by so doing you shall acquire certain legal rights (such as freedom from personal liability for the debts of the corporation, and the like) ; but you thereby also assume certain liabilities." And the burdens so imposed are lawful, whether imposed before or subsequent to incorporation; whether they consist of a certain graduated privilege tax, which the corporation must pay; legal duties towards employes, or whatever conditions may be prescribed by the legislature in furtherance of the public policy of the state.

There is no federal question involved. Appellant is a domestic corporation, and, as such, subject to the imposition of such privilege tax as the legislature may deem expedient. Even if a foreign corporation, the rule would be the same. The state has absolute power to exclude a foreign corporation from its borders, or may permit its entrance upon its own terms. *Horn Silver Mining Co.* v. *State,* 143 U. S., 305 (12 Sup. Ct., 403; 36 L. ed., 164).

The masterly brief of the assistant attorney-general is conclusive upon all points involved. The statute assailed is constitutional.

*Affirmed.*