THOMPSON, AUDITOR ET AL. *v.* KREUTZER.

[72 South. 891.]

1. TAXATION.  *"Ownership." "Privilege." "Property." "Right of ownership." Value. Statute. Validity. Privilege tax.*

    Ownership is not a privilege conferred by government, but is one of the rights which governments were organized to protect. In a strict legal sense property is synonymous with the right of ownership, and means one's exclusive right of possessing, enjoying and disposing of a thing.

2. SAME.

    Property may also be and under section 112, Constitution 1890, requiring property to be taxed according to its value, is used to signify "things owned." In order that a thing may be owned, some one must, of course, have a right to ownership. thereof.

3. SAME.

    A tax on a thing is a tax on all its essential attributes, and a tax on an essential attribute of a thing is a tax on the thing itself. So that, a tax on a thing owned is necessarily a tax on the right of ownership thereof; and a tax on the right of ownership of a thing is necessarily a tax on the thing itself.

4. TAXATION. *By value. Statutes. Validity. Privilege tax.*

Chapter 112, Laws 112, imposes a tax on property and such tax not being in proportion to its value, violates section 112 of the Constitution of 1890, and is void.

APPEAL from the chancery court of Hinds county.

HON. O. B. TAYLOR, Chancellor.

Bill for injunction by A. L. Kreutzer and others against Duncan L. Thompson, auditor and others. Demurrer to bill overruled, and appeal granted to settle principle of the case.

Chapter 112 of the Laws of 1912 provides that:

"There is hereby levied an annual privilege tax, or occupation fee, of twenty cents per acre upon each person, association of persons, or business firms and corporations pursuing the business of buying, owning or holding more than one thousand acres of timber land or lands in this state: Provided, that where such lands are taxed with a five cent acreage tax for levy purposes, said levy tax shall be deducted from the tax hereby imposed.

*Geo. H. Ethridge,* Assistant Attorney-General, for appellants.

*Green & Green,* for appellees.

SMITH, C. J., delivered the opinion of the court.

Appellees filed their bill in the court below, praying that the auditor and treasurer be enjoined from collecting from them a tax of twenty cents per acre upon certain lands owned by them, imposed by chapter 112, Laws 1912. To this bill a demurrer was interposed, overruled, and an appeal granted to settle the principles of the case.

One of the grounds upon which it is sought to enjoin the collection of this tax is, that the statute imposing it violates the provision of section 112 of the Constitution that "property shall be taxed in proportion to its value."

The attorney-general, who appears for appellants, admits in his brief that if the tax is one on property the statute is void, but claims that it is not such, "but is purely a tax upon the privilege of ownership."

Ownership is not a privilege conferred by government, but is one of the rights which governments were organized to protect. Discarding, then, the word "privilege" and substituting therefor the proper word "right," the distinction here sought to be made by the attorney-general is one without a difference. In a strict legal sense, "property" (from the Latin word *proprius,* meaning belonging to one; one's own) is synonymous with the "right of ownership" and means one's exclusive right of possessing, enjoying, and disposing of a thing. Burdick on Real Property, 2; 2 Blackstone, 2; 6 Words & Phrases (First Series) 5697 et seq.; 23 Am. & Eng. Enc. Law (2d Ed.), 259; 32 Cyc. 647.

Property may also be, and in the section of the Constitution here under consideration is, used to signify "things owned." In order that a thing may be owned, some one must, of course, have a right to the ownership thereof. A tax on a thing is a tax on all its essential attributes; and a tax on an essential attribute of a thing is a tax on the thing itself. So that, a tax on a thing owned is necessarily a tax on the right of ownership thereof; and a tax on the right of ownership of a thing is necessarily a tax on the thing itself. No definition of property can be framed which does not include the right of ownership. Consequently, no tax can be imposed on the right of ownership which is not also a tax on property.

It follows from the foregoing views that the tax here in question is on property, and, not being in proportion to its value, chapter 112, Laws 1912, by which it is imposed, violates section 112 of the Constitution and is void.

Affirmed and remanded, with leave to appellants to answer, if they so desire, within thirty days after the filing of mandate in the court below.

*Affirmed and Remanded.*