POSTAL TELEGRAPH & CABLE CO. *v.* ROBERTSON, STATE REVENUE AGENT.

[76 South. 560, Division B.]

1. CONSTITUTIONAL LAW. *Validity of act. Burden of proof.*

If the question of whether or not there was a publication of Laws 1902, chapter 80, with reference to the levy of privilege taxes by the levee comissioners, as required by Constitution 1890, section 234, is entertainable in the courts, it would require the party attacking the law to prove such fact by sufficient evidence. The burden of proof would be on the party alleging there was no publication to prove this fact beyond reasonable doubt or by clear and convincing testimony.

2. CONSTITUTIONAL LAW. *Passage of act. Compliance with constitution. Presumption.*

Where the legislature passes a bill, it will be presumed that it observed all constitutional requirements and did its full duty until the presumption is overcome by clear and convicing testimony.

3. LEVEES. *Privilege taxes. Power of legislature.*

It is too late now to question the power of the legislature to create taxing districts and confer on such taxing districts or municipal corporations, the power of taxation, section 237 of the Constitution in dealing with this specific question confers full power upon the legislature to provide such system of taxation for said levee district as the legislature shall from time to time deem wise and proper. The legislature has full power to impose a privilege tax, or to authorize the levee commissioners to do so.

4. SAME.

The provisions of section 112 of the Constitution do not require the taxing body to levy privilege taxes according to the requirements of that section.

5. TAXATION. *Uniformity. Privilege tax.*

The Constitution does not require that a municipal corporation, or taxing district, authorized by law to levy and collect privilege taxes shall require all privileges to be taxed that are authorized; nor that they shall be taxed in the same proportion to the maximum named in the statute, but so long as all persons exercising any particular privileges are taxed alike, under the same circumstances no constitutional principle is violated.

6. LEVEES. *Tax by commissioner. Notice.*

Under the Act of 1902, chapter 80, authorizing the levee commissioner to impose a privilege tax in said district by an order entered upon its minutes, it was not required that the order levying privilege taxes should be published in a newspaper or otherwise, except that a copy of the order should be sent to the sheriffs of the several counties of the levee district. It did not require the levee board to give notice to persons or corporations desiring to exercise privileges in the district, nor was it necessary for the board to give such notice in order to make the ordinance valid, all persons being charged with notice under the statute, of the power of the board to levy privilege taxes upon occupations, privileges and businesses.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Suit by Stokes V. Robertson, State Revenue Agent, against the Postal Telegraph & Cable Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

*Flowers, Brown, Chambers & Cooper,* for appellee.

ETHRIDGE. J., delivered the opinion of the court.

The state revenue agent brought suit against the Postal Telegraph-Cable company for privilege taxes due for the years 1904 to 1915, inclusive, to the Yazoo-

Mississippi Delta levee-district; said privilege taxes being levied by the said levee district under chapter 80 of the Laws of 1902. The board of levee commissioners, acting under chapter 80 of the Laws of 1902, in the year 1904 imposed a privilege tax upon telegraph companies, operating less than one thousand miles of line, of twenty five cents for each mile. This act was passed by the May session, 1904, of said board of levee commissioners and imposed a privilege tax effective July 1, 1904. Other privilege taxes were imposed at different dates set out in the pleadings up to 1912, but the amount of privilege taxes on telegraph companies was not changed. Three hundred and sixty miles of telegraph line were operated in this district by the Postal Telegraph-Cable Company during each of the said years 1904 to 1915, both years inclusive; the mileage of different counties being set out in the declaration. The privilege taxes for each year amounted to ninety dollars, and the statute providing a penalty of ten per cent. of the amount for nonpayment. Suit was brought for ninety-nine dollars for each of the said years, amounting to one thousand one hundred and eighty eight dollars. Interrogatories were propounded under the statute to the telegraph company, a nonresident of the state, and its answers show that it did do business within the district for each of the said years, and that the total mileage it operated in the. district was 359.07 miles. The telegraph company filed several special pleas as a defense to the suit.

Special plea No. 1 alleges that chapter 80 of the Laws of 1902 is null and void because the act is alleged not to have been published four weeks prior to the introduction of the act in the legislature, as required by section 234 of the state Constitution.

The second special plea alleges that the power to tax by the act of 1902 was conferred on the board of levee commissioners of the Yazoo-Mississippi Delta, and that there is no such levee commission authorized by

the law; that the Constitution creates a board of levee commissioners for the Yazoo-Mississippi Delta levee district; and that the act of the board is void because chapter 80 of the Laws of 1902 does not confer authority on the commissioners of Yazoo-Mississippi Delta levee district.

The third special plea is that the act of 1902 is void because it authorizes a privilege tax to be levied without regard to the benefits derived by any property, business, or avocation, and that the law authorizes the board to act without any guide or direction, and only fixes the maximum of each privilege tax; and that the act does not require all privileges to be taxed, nor that they shall be taxed uniformly or to the maximum authorized, but that the tax on one privilege might be the full value authorized by the Laws of 1902, chapter. 80, and tax of another privilege one-half of the maximum authorized by the said law; and that the act intended to invest the board with absolute and arbitrary power, and that by reason thereof the act violates section 112 of the State Constitution and section 1 of the Fourteenth Amendment to the Constitution of the United States.

The fourth special plea alleges that the proceedings to impose privilege taxes is void and unconstitutional, and that sections 1 and 2 of the act of 1902 undertake to authorize the commissioners to determine for themselves what taxes will be levied and what amount within the maximum fixed by law, only by an order entered on the minutes of the board, and there is no requirement for any publication of such order so entered, and no requirement of any notice to be given persons exercising the privilege to be taxed, and that the telegraph company was never in fact notified of the passage of such ordinance until 1916 when demand was made upon it by the state revenue agent; and that the ordinance, if given effect, would be taking the property of the defendant without due process of law and without

the equal protection of the law under the Fourteenth Amendment.

The first plea was replied to and the allegation that notice was not published prior to the introduction of the bill in the legislature creating chapter 80 of the Laws of 1902 was denied and the other pleas were demurred to, the demurrers sustained, and defendants, declining to plead further, judgment was entered in favor of the revenue agent.

A person was sent to Clarksdale in 1916 to investigate as to the publication of chapter 80 of the Laws of 1902, but no file of the paper, or any paper, published at Clarksdale, the domicile of the levee board, for the years 1901 and 1902 could be found. No file of the paper or issue of any paper during the years 1901 and 1902 was found in said city. It was shown that one paper had gone out of business long since, and no files could be found of that paper during this perion of time. It is contended by the appellant that the state revenue agent must show publication of this notice as a condition of his right of recovery. The revenue agent contends that the burden of proof as to such publication is upon the appellant to show that there was not a publication; and, second, contends that the legislature having passed the bill, the court would have no power to go behind the enrolled bill and determine the questions of fact bearing on such publication. Section 234 of the Constitution reads as follows:

"No bill changing the boundaries of the district, or affecting the taxation or revenue of the Yazoo-Mississippi Delta levee district, or the Mississippi levee district, shall be considered by the legislature unless said bill shall have been published in some newspaper in the county in which is situated the domicile of the board of levee commissioners of the levee district to be affected thereby, for four weeks prior to the introduction thereof into the legislature; and no such bill shall be

considered for final passage by either the Senate or House of Representatives, unless the same shall have been referred to, and reported on, by an appropriate committee of each house in which the same may be pending; and no such committee shall consider or report on any such bill unless publication thereof shall have been made as aforesaid.''

There is no legal proof in the record that proper publication was not made. If the question of whether there was a publication is entertainable in the courts, it would require the party attacking the law to prove such fact by sufficient evidence. The burden of proof would be upon the party alleging there was no publication to prove this fact beyond reasonable doubt or by clear and convincing testimony. The journals of the legislature show that the Governor in submitting the question to the legislature recited in his message that publication of the proposed act had been duly made. The legislature pased the bill, and it will be presumed that it observed all constitutional requirements, and it will be presumed that it did its full duty until the presumption is overcome by clear and convincing testimony. We think the court was correct in sustaining the demurrer to the second, third, and fourth special pleas of the bill.

It is too late now to question the power of the legislature to create taxing districts and confer on such taxing districts, or municipal corporations, and the power of taxation. Section 237 of the Constitution in dealing with this specific question confers full power upon the legislature to provide such system of taxation for said levee district as the legislature shall from time to time deem wise and proper. The legislature had full power to impose a privilege tax, or to authorize the levee commissioners to impose a privilege tax, and it is immaterial whether the legislature did this itself or whether it conferred the power upon a subordinate administra-

116 Miss.—14

tive body. It has been repeatedly held in this state that the provisions of section 112 of the Constitution do not require the taxing body to levy privilege taxes according to the requirements of that section. 25 Cyc. 605, clause "h"; *Coca Cola Co.* v. *Skillman, Tax Collector,* 91 Miss. 677, 44 So. 985; *Clarksdale Ins. Agency* v. *Cole Ins. Con'r* 87 Miss. 637, 40 So. 228; *Cudahy Packing Co.* v. *Stovall, Treas.,* 112 Miss. 106, 72 So. 870.

Neither does the Constitution require that a municipal corporation, or taxing district, authorized by law to levy and collect privilege taxes shall require all privileges to be taxed that are authorized; nor that they shall be taxed in the same proportion to the maximum named in the statute, but so long as all persons exercising any particular privilege are taxed alike, under the same circumstances no constitutional principle is violated. In *Holberg* v. *Town of Macon,* 55 Miss. 112, the court held that a privilege tax levied by a municipal corporation which is the same on all persons pursuing the same profession or occupation and not exceeding the amount authorized by statute is not violative of the provision of the Constitution requiring that taxation shall be equal and uniform throughout the state, and that the fact that some professions and trades taxed by the state are not taxed by the municipal corporation does not affect the validity of the tax on the others. See, also, *Vicksburg Bank* v. *Worrell,* 67 Miss. 47, 7 So. 219; Daily 1. Swope, 47 Miss. 367.

The act of 1902 authorizes the levee commissioners to impose a privilege tax in said district by an order entered upon its minutes. It did not require this order levying privilege taxes to be published in a newspaper or otherwise except that a copy of the order should be sent to the sheriffs of the several counties of the levee district. It did not require the levee board to give notice to persons and corporations desiring to exercise privilege in the district, nor was it necessary for the board to give such notice in order to make the ordinance valid.

All persons are charged with notice under the statute of the power of this board to levy privilege taxes upon occupations, privileges, and businesses, and any person desiring to pursue any business or occupation in said district was under the duty to ascertain whether such privilege tax had been levied, and the amount thereof, and pay.it before doing the business so taxed. The minutes of the board of levee commissioners are public records subject to inspection, and the company cannot complain if it failed to make an inquiry which would have disclosed the amount of tax it was under obligation to pay. It appears that notice was sent to the sheriffs of the several counties as required by the act of the legislature, and it is not shown nor alleged that the defendant applied for the privilege or sought advice or information at the sources pointed out in the statute. The court below having reached conclusions in accordance with this opinion, the judgment is affirmed.

*Affirmed.*