LOCKE, TAX COLLECTOR, *v.* L. N. DANTZLER LUMBER CO.

[81 South. 175, In Banc, No. 20535.]

1. HIGHWAYS. *Improvement. Acreage tax. Constitutionality.*

An acreage tax of two cents an acre levied by the board of supervisors on all land in a county as a special road tax under Laws 1916, chapter 172, section 2, amending Laws 1912, chapter 258, and Laws 1910, chapter 150, is not violative of Constitution, section 112, requiring taxation to be uniform and equal and property to be taxed in proportion to its value; and such tax being for local improvement and not for the purpose of raising general revenue, section 112 of the Constitution is not applicable.

2. HIGHWAY. *Improvement. Acreage tax. Presumption.*

    The apportionment of a special tax levied by the board of super-
visors under Laws 1916, chapter 172, section 2, amending Laws
1912, chapter 258, and Laws 1910, chapter 150, by levying an
acreage tax of two cents an acre on all land in the county will
be presumed just.

APPEAL from the circuit court of Stone county.

Hon. J. H. NEVILLE, Judge.

Action by L. N. Dantzler Lumber Company against
J. C. Locke, tax collector. From a judgment for plain-
tiff, defendant appeals.

The facts are fully stated in the opinion of the court.

No brief of counsel for either side found in the
record.

*W. C. Batson,* for appellant.

*White & Ford,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellee lumber company filed suit in the cir-
cuit court of Stone county against the tax collector of
that county to recover the sum of two hundred, sixty
dollars and ninety-six cents taxes paid by it under
protest to the tax collector. This tax was an acreage
tax of two cents an acre levied on all the land in
Stone county. Appellee owns thirteen thousand and
forty acres in this county. The declaration alleges
that the board of supervisors has levied this acreage
tax as a special road tax under the authority of chapter
172, Laws of 1916, amending chapter 258, Laws of
1912, and chapter 150, Laws of 1910. The declaration
challenges the constitutionality, under section 112 of
the Constitution, of this acreage tax for road purposes.
There was a demurrer interposed to the declaration
which was overruled by the lower court. The defend-
ant declining to plead further, judgment final was ren-

dered in favor of the lumber company, from which judgment this appeal is here prosecuted.

Chapter 172, Laws of 1916, sections 7155-7157, inclusive, of Hemingway's Code, provides an additional method for working the public roads of a county or beat thereof. Section 2 provides how the board may raise funds for working the roads and building bridges, and, among other things the board is authorized to have collected by the tax collector an *ad valorem* tax on the assessed valuation of the property, or an acreage tax, or both.

It is contended by the appellee that this acreage road tax is unconstitutional because it is violative of section 112 of the Constitution, in that it is not uniform and equal, and that the property is not taxed in proportion to its value. The contention is urged that this is not an *ad valorem* tax and therefore violates section 112 of the Constitution. Reliance is had by the appellee on the cases of *Thompson* v. *Kreutzer,* 112 Miss. 165, 72 So. 891, and *Thompson* v. *McLeod,* 112 Miss. 383, 73 So. 193, L. R. A. 1918C, 893, Ann. Cas. 1918A, 674. The taxes attempted to be collected in these two cases were taxes for general revenue purposes, and were held to be violative of this section of the Constitution. In this case, if section 112 of the Constitution were applicable, then this acreage tax would be unconstitutional because property is not here taxed in proportion to its value. The difference, however, between the cases relied upon by the appellee and the case under consideration, is that this is a special road tax for a road district. The county in this case is the road district. It is a tax for a local improvement of this road district. It is not a tax for the purpose of raising the general revenue of the county to defray its expenses, but a special tax going to defray the improvements made on the roads in this district. Or it may be termed a tax for a local betterment or improvement. It is a tax similar in all respects to the levee tax held con-

stitutional in the case of *Daily* v. *Swope, Guardian,* 47
Miss. 367. .In that case the court, speaking through
SIMRALL, J., fully discusses the question of taxation for
raising revenue generally, and taxation for local better-
ments or improvements.

Section 20, art. 12, of the Constitution of Mississippi
of 1869, is similar to section 112 of the present Con-
stitution. In the Daily Case the court says:

" 'Taxation,' as used in the twentieth section, means
such taxation as is imposed by the legislature for
the uses of the state at large, or the county. . . .
The convention sought to devise a rule by which taxa-
tion, imposed for the general and ordinary expenses of
the state, county administrations, should operate equally
in all parts of the state. No discriminations shall be
made which would disturb uniformity."

Again:

"There has grown up in this and the other states
a species of taxation which is quite distinguishable
from that meant in the twentieth section. It is the
imposition on property of an assessment, in a defined
locality, to make some local improvement supposed by
the legislature to be specially beneficial to a class of
property. The property thus benefitted is charged with
the expense, whilst other property is exempt. Such
legislation proceeds on the theory that the burdened
property is enhanced in value, and the owners are bene-
fitted over and above the other inhabitants. If the
constitutional restriction applies to such local assess-
ments, it is plain that they cannot be sustained. . . .

"We find that, going back to the earliest colonial
times, and thence through the history of these states,
there have existed two distinct systems of taxation;
one, the more general, referring to the impositions and
assessments, for the general, usual, and ordinary pur-
poses of the state and the county and municipal bodies;
the other, more confined and special, imposed for the
object of accomplishing some local improvement or

amelioration (too large for private enterprise and means), and in which the lesser community are especially interested. . . . It would not be a wise rendering of the Constitution to so construe it as to interrupt and destroy this old and established order of things, unless we can discover a plain and manifest purpose to do so. To hold that the twentieth section must apply to these local and district assessments would utterly abolish the system. To confine it to those taxes which are for the usual and ordinary revenues of the state and counties would accomplish no such result."

The court in this opinion then, after stating that this section of the Constitution is a literal transcript of the Constitution of California, states that the supreme court of California (*Burnett* v. *City of Sacramento,* 12 Cal. 76, 73 Am. Dec. 518) held:

"That the section only applied to that charge or imposition upon property to raise funds to defray the expenses of the state government, or of some county or town. It has no reference to special assessments for local improvements, in which individuals are benefited by the increased value of their lands, and in which the public has only a limited interest."

On page 385 the court further says:

"The result reached, followed by a great many of the states, is that the constitutional restriction does not apply to assessments to defray the expenses of local improvements, and that it is competent to apportion the assessment, according to the benefits received, and that any general plan of apportionment may be adopted by the taxing power that it may deem just and equitable."

The scheme of the road law under consideration is that all real property in the taxing district, whether it be beat or county is benefited by the improvement of the public roads, and that this improvement is local to the district. Consequently, the assessment of the acreage tax in the district follows. In speaking of the

apportionment of this local tax, the opinion, on page 386, states:

"It is not to be supposed, therefore, that it was the intent of the legislature to discriminate in favor of the property of one citizen at the expense of that of another, when both properties are in a like situation. We must assume that the imposition of local assessments, whereby the value of land within a district will be increased, that the legislature designed to distribute the expense among the landowners on the principle of apportionment indicated, until the scope and meaning of the language employed drives the judiciary from that position."

The acreage tax levied in this case is a special tax for the maintenance of the roads in the road district established by the board of supervisors. It is a tax for a local improvement, and it is to be presumed that the apportionment of this tax at so much an acre is a just one. Since it is a tax for a local improvement, it follows that section 112 is not applicable. *Vasser* v. *George,* 47 Miss. 713; *Edwards House Co.* v. *Jackson,* 91 Miss. 429, 45 So. 14; *Clarksdale Ins. Agency* v. *Cole,* 87 Miss. 637, 40 So. 228; *Cox* v. *Wallace,* 100 Miss. 525, 56 So. 461; *Jones* v. *Belzoni Drainage District,* 102 Miss. 796, 59 So. 921; *Nugent* v. *City of Jackson,* 72 Miss. 1040, 18 So. 493.

The lower court erred in overruling the demurrer to the declaration and rendering a final judgment in favor of the appellee.

Reversed, and judgment will be entered here in favor of the appellant.

*Reversed.*