SOUTHERN PACKAGE CORPORATION *v.* STATE TAX COMMISSION.

(Division B. Nov. 11, 1935.)

[164 So. 45. No. 31888.]

W. S. Henley, of Hazlehurst, for appellant.

214

**J. A. Lauderdale**, Assistant Attorney-General, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Copiah county against appellee to recover a manufacturer's tax assessed under chapters 90 and 91, Laws of 1932, and paid to appellee under protest. There was a demurrer to the declaration which was sustained, and, appellant declining to plead further, judgment was entered dismissing the action, from which judgment appellant prosecutes this appeal.

Appellant avers in its declaration that it was engaged in the business of manufacturing boxes and crates for sale in this state and elsewhere used in preparing and crating for shipment agricultural products for the market, and was so engaged from May 1, 1932, to July 1, 1932, during which time it manufactured boxes and crates for the purposes named of the value of eighty-eight thousand five hundred one dollars and fifty cents, against which appellee assessed taxes at the rate of one-fourth of one per cent under the statute, totaling two hundred twenty-one dollars and twenty-five cents; that from August 1, 1932, to July 1, 1933, it manufactured boxes and crates for the purposes named of the value of three hundred twenty thousand one hundred forty-two dollars and seventy cents, against which appellee assessed, under the statute, one-fourth of one per cent, totaling eight hundred dollars and thirty-five cents. The aggregate of

these two amounts, with interest, appellee sought to recover.

By the demurrer, these questions are raised: (1) Whether by section 4 of chapter 90, Laws 1932, as amended by section 2 of chapter 91, Laws 1932, appellant is exempt from the tax? (2) If not exempt, whether or not the statute imposing the tax violates section 112 of the Constitution of the state? (3) Whether it violates the equal protection clause of the Fourteenth Amendment of the Federal Constitution? We will consider these propositions in the order stated.

Section 4 of chapter 90, Laws 1932, as amended by section 2 of chapter 91, Laws 1932, exempts from taxation sales of boxes and crates used in preparing agricultural products for market. This identical question was involved in Jackson Fertilizer Co. v. Stone (Miss.), 162 So. 170, and decided contrary to appellant's contention. It was held in that case that the tax involved was a manufacturer's tax and not a tax on sales; that the volume of sales was used only to fix the value of the manufactured product for the purposes of taxation. We think that decision is sound and ought to stand. In fact, we do not understand that appellant asks that it be overruled.

Section 112 of the Constitution provides that taxation shall be uniform and equal throughout the state, and that property shall be taxed in proportion to its value. Appellant contends that the statute violates that provision of the Constitution, and to illustrate refers to the provision of the statute taxing producers of oil two per cent, producers of natural gas two and one-half per cent limestone, sand, and gravel and other mineral products two per cent, manufacturers of brick and tile one per cent, manufacturers of bottled drinks one per cent, ice factories and cotton-seed oil mills one-fourth of one per cent, oil or or other manufacturers whose gross income is not otherwise taxed one per cent. The argument is that the statute destroys uniformity. The trouble about

that contention is that our court has decided that section 112 of the Constitution has no application to privilege or excise taxes, it applies alone to ad valorem taxes. Hattiesburg Grocery Co. v. Robertson, 126 Miss. 34, 88 So. 4, 25 A. L. R. 748; Postal Telegraph & Cable Co. v. Robertson, 116 Miss. 204, 76 So. 560; State v. Gulf, M. & N. R. Co., 138 Miss. 70, 104 So. 689; State v. Lawrence, 108 Miss. 291, 66 So. 745, Ann. Cas. 1917E, 322; Barataria Canning Co. v. State, 101 Miss. 890, 58 So. 769; Coca-Cola Co. v. Skillman, 91 Miss. 677, 44 So. 985; Clarksdale Ins. Agency v. Cole, 87 Miss. 637, 40 So. 228; Holberg v. Town of Macon, 55 Miss. 112.

The taxes levied by chapters 90 and 91, Laws 1932, and chapter 119, Laws 1934, which supersedes the former statutes, are privilege or excise taxes and not property taxes. State v. Gulf, M. & N. R. Co., supra; American Manufacturing Co. v. St. Louis, 250 U. S. 459, 39 S. Ct. 522, 63 L. Ed. 1084. Appellant contends, however, that our court decided to the contrary in Thompson v. Kreutzer, 112 Miss. 165, 72 So. 891; Thompson v. McLeod, 112 Miss. 383, 73 So. 193, L. R. A. 1918C, 893, Ann. Cas. 1918A, 674, and Barnes v. Jones, 139 Miss. 675, 103 So. 773, 43 A. L. R. 673. In the Kreutzer case the court was construing chapter 112, Laws 1912, which levied an annual privilege tax or occupation fee of twenty cents per acre upon each person, firm, or corporation pursuing the business of buying, owning, or holding more than one thousand acres of timber lands in the state. Kreutzer owned more than that amount. He attacked the constitutionality of the statute, contending that it violated section 112. The court so held, upon the ground that ownership is not a privilege conferred by government, but is one of the rights which the government is authorized to protect. The statute here involved does not tax the ownership of boxes and crates, but the privilege of manufacturing them.

In the McLeod case the court had under consideration chapter 110 of the Laws of 1912, which levied an annual

occupation fee upon all persons pursuing the business of extracting turpentine from standing trees, fixing a tax of one-fourth of one per cent per year for each cup or box. McLeod was engaged in the business of boxing pine trees and distilling the turpentine. The court held that the statute violated section 112 of the Constitution upon the ground that it was not a tax on the business but on the property. McLeod owned the pine trees which produced the resin, the crude product without which his distillery could not be operated. He paid an ad valorem tax upon his land and upon the standing trees thereon. He also paid a privilege tax for the right to manufacture spirits of turpentine from the annual production of his trees. By the statute he was called upon to pay an additional tax on each box cut or chopped on the trees. The court said, among other things, that it required no refinement to observe at once that this was an additional burden of taxation operating not indirectly but directly upon the owner's property.

In the Jones case a statute taxing shares of capital stock held by residents of this state in foreign corporations was under consideration. The statute named the tax as a privilege tax. The court held that it was not, but was a tax on the property—the shares of stock.

We are of opinion that the statute does not run counter to the equal protection clause of the Fourteenth Amendment. The states have, for the purposes of taxation, a wide discretion in making classification. Classification in law as in other branches of knowledge is the grouping of things in speculation or practice because they agree with one another in certain particulars and differ from other things in the same particulars. The classification to be obnoxious to the equality clause must be manifestly arbitrary and unreasonable and not possibly so. State ex rel. Rice, Attorney-General, v. Evans-Terry Co. (Miss.), 159 So. 658. The decree in that case was affirmed by the Supreme Court of the United States on motion on the authority of Æro Mayflower Transit Co.

v. Georgia Public Service Commission, 295 U. S. 285, 55 S. Ct. 709, 79 L. Ed. 1439; Hicklin v. Coney, 290 U. S. 169, 54 S. Ct. 142, 78 L. Ed. 247; Continental Baking Co. v. Woodring, 286 U. S. 352, 52 S. Ct. 595, 76 L. Ed. 1155, 81 A. L. R. 1402; Carley & Hamilton v. Snook, 281 U. S. 66, 50 S. Ct. 204, 74 L. Ed. 704, 68 A. L. R. 194. Under the principles laid down in those cases the classification made by the statute cannot be said to be manifestly arbitrary and unreasonable.

In Hope Natural Gas Co. v. Hall, 102 W. Va. 272, 135 S. E. 582, the Supreme Court of that state had under consideration a statute levying a sales tax on certain classes of goods and a manufacturer's tax on other classes. The statute here under consideration is in many respects substantially the same as that. The Supreme Court of that state held that the statute did not contravene the Federal Constitution, and that decision was affirmed by the Supreme Court of the United States in 274 U. S. 284, 47 S. Ct. 639, 71 L. Ed. 1049.

Affirmed.