451 So.2d 216 (1984)
Ronald A. PETERSON, Sheriff of Hancock County and Jerry D. Heitzmann, Circuit Clerk of Hancock County, Mississippi
v.
Sidney A. SANDOZ.
No. 54191.
Supreme Court of Mississippi.
May 30, 1984.
*217 Lucien M. Gex, Jr., Gex & Adams, Waveland, for appellants.
Nicholas M. Haas, Bay St. Louis, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PATTERSON, Chief Justice, for the Court:
Sidney A. Sandoz, a licensed professional bail bondsman, brought suit for a declaratory judgment under Rule 57 of the Mississippi Rules of Civil Procedure against Ronald A. Peterson, the Sheriff, and Jerry D. Heitzmann, the Circuit Clerk of Hancock County, in the Circuit Court of that county. Sandoz alleged that Section 2 of Senate Bill # 3027, passed during the 1983 Legislative Session, was unconstitutional and void. That bill provides:
Section 2. Upon every person licensed as a professional bondsman pursuant to Chapter 39, Title 83, Mississippi Code of 1972, there is hereby imposed for each bond which he takes that is conditioned for the appearance at trial of a person charged with a criminal offense, a fee equal to one percent (1%) of the face value of each bond or Five Dollars ($5.00), whichever is greater.
Sandoz contended the statute was arbitrary, capricious, and discriminatory inasmuch as the greater of 1% of the face value of the bond or Five Dollars ($5.00) is assessed only against professional bail bondsmen while other types of bonds are not so subjected. By way of illustration, and not as a conclusive listing, Sandoz noted that cash bonds, insurer bonds, property bonds and other types of bail bonds, among others, were exempted.
Sandoz contends the statute was defective because it discriminated within a classification. Peterson and Heitzmann denied that this was so. The trial judge found the challenged section unconstitutional and Peterson and Heitzmann appeal, assigning as error:
I. The trial court erred in holding Section 2 of Senate Bill # 3027, Laws of 1983, was discriminatory and violated the equal protection clause of the United States Constitution.
II. The trial court erred in holding Section 2 of Senate Bill # 3027, Laws of 1983, was arbitrary, capricious and unreasonable.
III. The trial court erred in holding Section 2 of Senate Bill # 3027, Laws of 1983, was conflicting.
IV. The trial court erred in holding that Section 2 of Senate Bill # 3027, Laws of 1983, was unconstitutional.
The permissible scope of taxation has long been announced. "Common justice requires that taxation, as far as possible, should be equal ..." Society for Savings v. Coite, 73 U.S. (6th Wall.) 594, 609, 18 L.Ed. 897, 903 (1867).
It is stated in Walters v. City of St. Louis, 347 U.S. 231, 237, 74 S.Ct. 505, 509, 98 L.Ed. 660, 665-66 (1954), that:

*218 Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary. Cf. Dominion Hotel, Inc. v. Arizona, 249 U.S. 265, 39 S.Ct. 273, 63 L.Ed. 597; Great Atlantic & P. Tea Co. v. Grosjean, 301 U.S. 412, 57 S.Ct. 772, 81 L.Ed. 1193; New York Rapid Transit Corp. v. New York, 303 U.S. 573, 58 S.Ct. 721, 82 L.Ed. 1024; Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655; "In its discretion it may tax all, or it may tax one or some, taking care to accord to all in the same class equality of rights." Southwestern Oil Co. v. Texas, 217 U.S. 114, 121, 30 S.Ct. 496, 54 L.Ed. 688, 692.
Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974), held that a Florida statute which gave a $500.00 tax exemption to widows was not unconstitutional. The state's failure to provide an analogous exemption for widowers was contended to violate the right to equal protection of the laws. The court approved the disparate treatment, saying that it was based "upon some ground of difference having a fair and substantial relation to the object of the legislation." It explained:
We have long held that "[w]here taxation is concerned and no specific federal right, apart from equal protection, is imperilled, the States have large leeway in making classifications and drawing lines which in their judgment produce systems of taxation." Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351. A state tax law is not arbitrary although it "discriminate[s] in favor of a certain class ... if the discrimination is founded upon a reasonable distinction or difference in state policy," not in conflict with the Federal Constitution. Allied Stores v. Bowers, 358 U.S. 522, 528, 79 S.Ct. 437, 441, 3 L.Ed.2d 480.
416 U.S. at 355, 94 S.Ct. at 1737, 40 L.Ed.2d at 193.
Mississippi cases are no more restrictive than the Federal ones. In Sharpe v. Standard Oil Co., 322 So. 457 (Miss. 1975), this Court was presented with the propriety of a statute which taxed diesel fuel used by a contractor in the performance of state contracts for motor vehicles only. The question of the inequity of the act is salient here. We held:
Subtle distinctions are, of course not controlling on this constitutional matter. The correct inquiry is whether the classification is related to a legitimate state interest and, if so, whether the means chosen to effectuate that interest are reasonable. [cites omitted] Nowhere is the power of classification accorded more latitude than in the field of taxation. While subject to the demands of the Fourteenth Amendment, "that amendment imposes no iron rule of equality... ." [cites omitted] A state may tax certain kinds of property yet exempt others. [cites omitted]
322 So.2d at 460-61.
An equal protection plan was also at issue in Coleman v. Trunkline Gas Co., Miss., 61 So.2d 276, 279 (1952). There, it was held: "Absolute equality and uniformity are unattainable. Substantial compliance with these requirements is all that is required." Reversed on other grounds, 218 Miss. 285, 63 So.2d 73 (1953).
There is wide discretion in legislative classification and the court's scope of review is limited. The legislative intention will be accorded broad treatment in determining its constitutionality. Kohlmeyer & Co. v. Rotwein, 186 So.2d 768, 773 (Miss. 1966). The fatal defect is classification which is "manifestly arbitrary and unreasonable and not possibly so." Southern Package Corporation v. State Tax Commission, 174 Miss. 212, 219, 164 So. 45, 47 (1935).
... if the classification is reasonable and embraces all of those of the class therein, then the law is general, not local, and the classification has a reasonable relation *219 to the purpose sought to be attained  in other words, the classification must be germane to the subject-matter of the legislation ... The thing to look at is the object to be accomplished, and whether or not the classification is reasonably expected to attain that object and is germane thereto.
Clark v. State, 169 Miss. 369, 383, 152 So. 820, 823 (1934).
The statute is unambiguous on its face and judicial construction is unnecessary. Clark v. State ex rel. Mississippi State Medical Association, 381 So.2d 1046, 1048 (Miss. 1980).
The above cases teach that taxes should be uniformly and equally collected from a class of similarly situated taxpayers if it is to provide those within the class to equal and constitutional treatment under the law. The assessment need also be reasonably related to a legitimate state interest, and finally the means chosen to effectuate that interest must be reasonable.
We are of the opinion Section 2 of Senate Bill # 3027 does not discriminate within those designated in the class, it serves a legitimate state interest in that it is earmarked for correctional facilities and the means chosen to effectuate the state's interest are reasonable.
REVERSED AND RENDERED.
WALKER and ROY NOBLE LEE, P.JJ., BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.