## Coca-Cola Company v. Skillman.

Taxation. *Privilege taxes. Proprietary drinks. Constitutional law. Constitution United States, Am. 4, Sec. 1. Constitution 1890, Sec's. 14, 112.*

The impositon of a privilege or occupation tax upon the manufacturers, distributers and retailers of coca-cola and similar proprietary drinks is within the power of the legislature and offends no provision of the state or federal constitutions.

From the chancery court of Alcorn county.

Hon. John Q. Robins, Chancellor.

The Coca-Cola Company, a non-resident corporation, and certain merchants of Corinth, Miss., appellants, were complainants in the court below, and Skillman, Tax Collector of Alcorn county, appellee, defendant there. From a decree sustaining defendant's demurrer to the complainants' bill and dismissing the suit, complainants, declining to amend, appealed to the supreme court.

Complainants sought to enjoin the tax-collector from collecting the privilege tax imposed by Code 1906, § 3790, which, being preceded by a section, 3771, providing that " A tax on privileges is levied, etc," is as follows:

" Sec 3790.   Coca-cola, Colavin, etc.— On each factory or bottling establishment for the bottling of coca-cola, celery-cola, afri-cola, hecks-cola, cola-beta, and colavin, nervola, and nervo-cola, or any similar or proprietary drink, the sum of..............$ 50.00

" And on each depot for the distribution or ship-

ment of coca-cola, celery-cola, afri-cola, hecks-cola, cola-beta, and colavin, nervola, and nervo-cola, or any similar or proprietary drink, the sum of........ 150.00

" Provided this act shall not be construed to subject the bottling establishments to the tax both as manufacturer and distributor.

"Same, on each retail dealer in coca-cola, celery-cola, afri-cola, hecks-cola, cola-beta, colavin, nervola, and nervo-cola, or any similar or proprietary drink, in cities of over three thousand inhabitants...... 25.00

" Same, in cities of not more than three thousand and over two thousand inhabitants............... 10.00

" Same, in towns of two thousand or less inhabitants ................................. 5.00

" Same, on each person or firm selling any of the above drinks in bottles....................... 2.50 "

Appellants' contention was that the statute in question is unconstitutional and void for the following alleged reasons:

" (1) It contravenes amendment 15, Sec. 1, of the Constitution of the United States, and Sec. 14 of the Bill of Rights of the State of Mississippi, in that it deprives complainants of their property without due process of law.

(2) It violates that provision of the Constitution of Mississippi prohibiting class legislation and legislation which discriminates in favor of one person as against others.

(3) It violates Sec. 112 of the Constitution of Mississippi, providing that all taxation shall be equal and uniform throughout the state and property shall be taxed according to its value and shall be assessed for taxes by uniform rules, according to its true value, while this privilege tax is determined by the number of inhabitants that live in the city or town.

(4) It violates Sec. 112 of the Mississippi Constitution, denying the county the right to levy any tax in addition to this state tax.

(5) It violates Sec. 14 of the Mississippi Constitution, since it denies to complainants the right to acquire, own, enjoy, dispose of, and contract in reference to their property.

(6) It is in restraint of lawful trade and commerce, and is against the public policy of the state."

*Candlers, Thompson & Hirsch; R. L. D. McAlister* and *Candler & Candler,* for appellants.

The words, " or proprietary " as used in the Code section in issue, are intended as explanatory of the word, " similar," and it was obviously the intention of the Legislature to explain wherein the similarity must exist, in order to render the drink subject to taxation. Not only the drinks named in the Code section, but also all similar (that is, proprietary) drinks should be taxed, according to the intention of the Legislature. Had a different meaning been intended, the word, " and " would have been used instead of " or."

Treating the statute as a license tax upon the manufacturers, distributors, bottlers and retailers of proprietary drinks alone, we submit that the statute is clearly and palpably repugnant to the uniformity clause of the state constitution. The only legitimate distinction between a so-called " proprietary " drink and one that does not fall within that class, is that the exclusive right to manufacture or sell the former is vested in some particular person. According to this view of the statute, under the plain meaning of the words therein as defined by the dictionaries, no matter how similar two drinks may be as to color, taste, smell and effect, if one is manufactured by a private formula, or if its label is protected by copyright, while the other may be manufactured by the general public, the first is subject to the occupation tax while the second is relieved from all burdens of taxation.

It is conceded that the constitutional requirement that taxation shall be uniform, applies primarily to a tax on property, and does not operate in such manner as to prevent unequal tax-

ation on various classes of business or occupations. But it is universally held that an occupation tax must be uniform on all the individuals of the class taxed. In the present case " proprietary drinks " are merely those members of the class of soda-fountain beverages whose manufacturers have the proprietary right to the formula of their manufacture. They are the branded cattle, as distinguished from the large herds of mavericks which roam the fields of non-alcoholic beverages, and to classify proprietary drinks as a separate group for taxation is entirely without reason, and cannot stand the constitutional test of uniformity within the class taxed. It would be just as reasonable to place a tax specially on trade marked articles; in fact that is practically what the statute seeks to do.

Classification of business or occupation for taxation must be reasonable. 21 Am. & Eng. Ency. Law (2 ed.), 804; *State* v. *Alsabrook,* 154 Mo., 375; *Pullman Co.* v. *State,* 64 Tex., 274; *Ex parte Frank,* 52 Cal., 606; *Ames* v. *People,* 25 Colo., 508; *County Comm'rs* v. *Dunn,* 21 Colo, 185; *Ottumva* v. *Zekind,* 95 Ia., 622; *New Orleans* v. *Louisiana Bank,* 20 La. Ann., 373.

The Legislature may select the subjects of taxation, and may classify them; but all of the same class must be taxed alike. *Vicksburg Bank* v. *Worrell,* 67 Miss., 47; s.c., 7 South., 219.

Taxation must be uniform on members of the same class of business. *Hill* v. *Abbeville,* 59 S. C., 396; *Hoefling* v. *San Antonio,* 85 Tex., 228; 15 L. R. A., 608; *Nashville* v. *Althrop,* 45 Tenn., 554; *Peoria* v. *Gugenheim,* 61 Ill. App., 374.

The case of *Vicksburg Bank* v. *Worrell,* 67 Miss., 47; s.c., 7 South., 219, relied upon by the learned attorney-general as controlling this case, is stronger authority for the appellants than for the appellee. The second head-note or syllabus in that case lays down broadly the principle upon which our case rests, viz., that an occupation tax, to be constitutional must be uniform within the class selected for taxation. On its facts it is distinguishable from the case at bar. In the case cited an occupa-

tion tax was laid upon all banks, graduated according to their " capital and assets." All banks in Mississippi were subject to the tax; and the graduation of the tax according to the ability of the bank to pay, was not only not arbitrary, but was reasonable and just. It is true that the learned court said that " the subjects of taxation may be classified at the discretion of the Legislature," but it adds the significant requirement that all of the same class must be taxed alike.

We submit that the different authorities cited by the learned attorney-general for appellee are not in point. And, in conclusion, we further submit that the cases of *Rodge* v. *Kelly,* 88 Miss., 209; s.c., 40 South., 552, and *Hyland* v. *Sharp,* 88 Miss., 567; s.c., 41 South., 264, are absolutely controlling of the question here presented for consideration. In the two cases cited the Legislature had laid an occupation tax on money lenders, (not on *all money lenders*) who took a certain sort of security, viz., household furniture, wearing apparel, etc. as security for the loans. In the case at bar the Legislature undertook to impose a similar tax upon manufacturers, distributors and dealers in " soft drinks " or non-alcoholic beverages, and not on dealers in *all* sofe drinks, but only those which are classified as " proprietary drinks."

In addition to the cases above cited, we call the court's attention to the following authorities supporting our views above presented: *Ozan Lumber Co.* v. *Bank,* 145 Fed. Rep., 344; *St. Louis* v. *Spiegel,* 75 Mo., 145.

*R. V. Fletcher,* attorney-general, for appellee.

It must be borne in mind that the statute does not impose a tax upon the sale of coca-cola alone, but it includes the sale of celery-cola, afri-cola, hecks-cola, cola-beta, colavin, nervola and nervo-cola or any similar or proprietary drink. The Legislature has not selected the proprietary drink known as coca-cola for taxation, but has imposed a uniform tax upon a variety of proprietary drinks, and, to make sure that one particular bever-

age was not selected to be taxed, has provided that other similar or proprietary drinks shall be taxed at the same rate.

The basis of classification under the statute is not to be determined by the question of whether or not the beverage is proprietary, but by the question, whether or not the beverage contains some ingredient which allies it to the class of drinks expressly mentioned in the statute.

The principles covering the power of the state, acting through its Legislature, to impose occupation taxes, and the limitations on the power, are well settled. Occupation taxes stand upon a different basis from *ad valorem* taxes, and are not subject to the rule which requires equality and uniformity in the imposition of taxation. 21 Am. & Eng. Ency. Law (2 ed.), 775.

This court has held that the Legislature may select subjects of taxation, and that subjects may be classified at the discretion of the Legislature; and if all of the same class are taxed alike, there is no violation of the equality and uniformity required by the state constitution. *Bank* v. *Worrell,* 67 Miss., 47; s.c., 7 South., 219.

The decisions of this court, in the cases of *Rodge* v. *Kelly,* 88 Miss., 209; s.c., 40 South., 552, and *Hyland* v. *Sharp,* 88 Miss., 567; s.c., 41 South., 264, cited by opposing counsel, are based upon the fact that a privilege tax was imposed, not upon all money lenders as a class, but on those who took a particular kind of security; the imposition of the tax depending, not upon the occupation, but upon the character of security taken. Those decisions are not in point here.

MAYES, J., delivered the opinion of the court.

We do not think that any provision of the Constitution of the state, or of the United States, is violated by the imposition of the privilege tax upon the class of articles mentioned in § 3790 of the Code of 1906. The articles mentioned in this section are proper subjects of classification. The drinks therein

mentioned are articles well known in the commercial world, and are susceptible of and have received distinct classification by the Legislature for the purpose of imposing a privilege tax. The right of the Legislature to select certain species of property, or occupations, and impose upon the person dealing in that class of property, or following the occupation classified, a certain privilege tax, is too well established in the law to be now successfully controverted. In Cooley on Taxation, vol. 2, p. 1094, it is stated: " The sovereignty may, in the discretion of its Legislature, levy a tax on every species of property within its jurisdiction, or, on the other hand, it may select any particular species of property, and tax that only, if in the opinion of the Legislature that course will be wiser. What is true of property is true of privileges and occupation also. The state may tax all, or it may select for taxation certain ones and leave the others untaxed. Considerations of general policy determine what the selection shall be in such cases, and there is no restriction on the power of choice, unless one is imposed by the Constitution. In another chapter it has been shown that constitutional provisions requiring the taxation of certain property by value have no application to the taxation of other subjects, and do not, therefore, by implication, forbid the question now under consideration." In the case of *Bank v. Worrell,* 67 Miss., 47; 7 South., 219, it is expressly held that the Legislature may classify subjects of taxation at its discretion, and, if all the classes are taxed alike, there is no violation of the equality and uniformity required by the Constitution. This is but a repetition of the authority quoted above. In the seventh edition of Cooley on Constitutional Limitations (page 678) it is said: " The power to impose taxes is one so unlimited in force and so searching in extent that the courts scarcely venture to declare that it is subject to any limitations whatever except such as rest in the discretion of the authority which exercises it. It reaches to every trade or occupation — to every object of industry, use, or enjoyment," etc.

It is no objection to this law that there may be other proprietary drinks upon which a privilege tax is not levied. The Legislature were the sole and exclusive judges of what property and what proprietary drinks they should classify and impose a privilege tax on. If there are various kinds of proprietary drinks, the imposition of a privilege on one class violates no provision of the Constitution, if all of the same kind are placed in the class taxed and the drinks are of such character; that is to say, so distinct in the commercial world as that a classification can be made. It may be that it was the view of the Legislature that, because of some supposed deleterious substance contained in these compounds classified in § 3790, their sale should be discouraged. The imposition of this tax may be both for revenue purposes, and for the purpose of discouraging the sale of the articles mentioned in the section; but this is no reason for any interference of the court with the legislative discretion, and in so acting the Legislature violated no section of the Constitution of the state, or of the United States. It may be that this tax is both a privilege tax and intended as a police regulation, as well as a tax for revenue. We cannot fathom the variety of objects which the Legislature may have had in the enactment of this law; but we conclusively presume that their objects were good, and that the imposition of this tax upon this class of drinks was for a laudable purpose. The cases of *Rodge* v. *Kelly,* 88 Miss., 209; s.c., 40 South., 552, and *Hyland* v. *Sharp,* 88 Miss., 567; s.c., 41 South., 264, have no application to this case. The objection in those cases was that a privilege tax was imposed, not upon all money lenders as a class, but on those which took a particular kind of security, making the tax depend, not upon the occupation, but upon the character of security taken. The court held that this was unconstitutional. This case presents quite a different question.

*Affirmed.*