FIRST NAT. BANK OF BILOXI *v.* BOARD OF SUP'RS OF HARRISON COUNTY.

(Division A. April 7, 1930. Pending on Appeal to U. S. Supreme Court.)

[127 So. 686. No. 28358.]

W. L. Guice, of Biloxi, and Jno. L. Heiss, of Gulfport, for appellant.

O. J. Dedeaux and **Mize & Mize & Thompson,** all of Gulfport, for appellee.

Argued orally by **W. L. Guice,** for appellant, and by **S. C. Mize,** for appellee.

**Cook, J.,** delivered the opinion of the court.

At the time and in the manner required by law, the assessor of Harrison county, Mississippi, presented to the

board of supervisors of that county, the assessment rolls for the year 1928, including the personal assessment roll, and thereupon the board of supervisors gave notice to the public that these assessment rolls would be equalized in accordance with the provisions of law at its August, 1928, meeting. At this meeting of the board of supervisors the First National Bank of Biloxi filed its petition, averring that it is a national banking corporation, organized under the laws of the United States, and domiciled at Biloxi, Mississippi; that the assessment of its property as reflected by the assessment roll of Harrison county, Mississippi, was an assessment at the rate of one hundred cents on the dollar of its entire assets consisting of capital, surpus, and undivided profits; that it was entitled to have this assessment reduced to an amount that would equal sixty-five per cent on each dollar of its assets, for the reason that all other property in said county, except the banks, was assessed at such a rate.

The petition further averred that, although the Constitution of the state of Mississippi, particularly section 112 thereof, and the various laws enacted in the taxation scheme based upon this section, provided that all property should be assessed at its true value, this constitutional and statutory mandate was disregarded by the board of supervisors of Harrison county, as well as all boards of supervisors in the state of Mississippi, which, for the purpose of keeping down the assessment of their respective assessing districts, had adopted a system of lowering the assessment and increasing the rate of taxation; that this was intentional and for the purpose of evading the state tax levy and for other reasons, and had resulted in adopting as a standard of values, or as a true value, a rate which equaled sixty-five cents on the dollar of the true value, and at this rate all assessments of all other property, except the banks, were made and approved by the board of supervisors, and, in fact, such per cent of its true value would become the value required by the Constitution by reason of such act of said board of supervisors; and that, notwithstanding its adoption with ref-

erence to every one else, the said board had required a strict construction of the law with reference to the assessment of banks, so that, in effect, the banks were paying a rate of thirty-five per cent in excess of the rate of assessment required on the same values owned by any persons other than the banks.

It was further charged that the effect of this discrimination was to deprive the bank of its property without due process of law, and to deny to the said bank the equal protection of the law required to be given to all persons in the same jurisdiction, and that for these reasons the board should correct the assessment of the bank so that this assessment would be sixty-five per cent of the actual true value of its property, thereby conforming to the rule it had established in assessing all other property in its jurisdiction at not over sixty-five per cent of its true value. The petition concluded with a prayer that this change be made, for the reason that otherwise the assessment would be void, being in violation of section 112 of the Mississippi Constitution of 1890 and section 1 of the Fourteenth Amendment to the Constitution of the United States.

The board of supervisors having considered this petition denied it by an order entered on its minutes, and thereupon, after final approval of the rolls, an appeal was prosecuted to the circuit court, where a demurrer was interposed to the petition and was sustained; and, from a final order dismissing the petition, this appeal was prosecuted.

Upon this record there are two questions presented for decision, which are stated by counsel for appellant in the following language:

"First. Under section 112 of the Constitution of the State of Mississippi, is there a requirement that all property assessed for taxes in the State of Mississippi, irrespective of its type, situation and classification, be assessed for the purpose of taxation at its true value?

"Second. If such is the requirement of said section 112 of the Mississippi Constitution, that is, that all prop-

erty shall be assessed at its true value, is it a denial of the equal protection of the law guaranteed by the Fourteenth Amendment, when the property of banks alone of all the property situated in a county is assessed at its actual or one hundred per cent value when for many years past and at the particular time of the assessment complained of, all other property was deliberately and intentionally assessed at sixty-five per cent of its value?''

Upon facts and pleadings practically identical with those appearing in the record of the case at bar, this court in the case of Magnolia Bank v. Pike County, 111 Miss. 857, 72 So. 697, 3 A. L. R. 1365, expressly decided each of the questions now presented; and counsel for the appellant concedes in his brief that, unless the Magnolia Bank case is overruled, this cause must be affirmed, and, in an effort to have us overrule that case, counsel has presented a very able and exhaustive brief and argument. The doctrine announced in the Magnolia Bank case has been accepted and acted upon by the banks and taxing authorities of this state for more than 'thirteen years, and, while we have carefully considered the questions presented, in the light of the authorities cited by counsel, we are unwilling to overrule the case. In all respects the case at bar is ruled by the Magnolia Bank case, and consequently the judgment of the court below will be affirmed.

Affirmed.