## EDWARD HINES YELLOW PINE TRUSTEES et al. v. STEWART, Sheriff and Tax Collector et al.

### No. 5842.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1931.

Rehearing Denied March 19, 1931.

T. J. Wills, of Hattiesburg, Miss., T. W. Davis, of Purvis, Miss., and William S. Bennet, of Chicago, Ill., for appellants and cross-appellees.

F. C. Hathorn, of Poplarville, Miss., and E. C. Sharp, of Jackson, Miss. (Hathorn & Williams, of Poplarville, Miss., and E. C. Sharp, of Jackson, Miss., on the brief), for appellees and cross-appellants.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

By this suit the appellants sought to have enjoined the collection of additional taxes for the years 1923 and 1924 on timberlands of appellants in Pearl River county, Miss., which were based on a judgment of the circuit court of that county increasing the assessment of the timber on that land from $6 per thousand feet to $7.50 per thousand feet, the assessment of that timber at $6 per thousand feet having been approved by the board of supervisors of that county, and that action of that board having been approved by the state tax commission. Such additional taxes and 10 per cent. damages thereon also sought to be collected amounted in the aggregate to $108,-746.23. A ground on which injunctive relief was sought is indicated by averments of the amended bill to the effect that if the collection of the additional taxes consequent upon the alleged assessment increase is permitted, appellants will be obliged to pay taxes at a much higher and greater value, and a much greater per cent. of the value of their property than the value and percentage of value of property of other taxpayers in Pearl River county; and by the following allegations of that pleading:

"Plaintiffs would further show that by the adjudication of the State Tax Commission

and the adjudication by the Board of Supervisors of Pearl River County, plaintiffs' property involved in this cause was assessed at as high a value as other property in Pearl River County, Mississippi, and at as high value as other property in all other counties of the State of Mississippi, and at an equal proportionate value with all property in Pearl River County and other classes of property, in the other counties of the State of Mississippi, to-wit, at a valuation of sixty per cent. of the true value thereof, so that there was a complete equalization of the value of the property and plaintiffs' property was assessed equal in value to the other property in the State so as to bear its just proportion of the burden of taxation.

"Plaintiffs further show that any raise or increase thereafter in the value of plaintiffs' property on the assessment roll of Pearl River County for the years 1923 and 1924 would be a discrimination against plaintiffs, and would require plaintiffs' property to bear a greater portion of the burden of taxation than the property of other taxpayers in Pearl River County and of taxpayers in other counties of the State, and would be a denial to plaintiffs of the equal protection of the laws guaranteed to plaintiffs under the Constitution of the State of Mississippi and the Fourteenth Amendment of the Constitution of the United States."

The amended bill contained the following:

"The plaintiffs rendered their property as aforesaid to the assessor for taxation purposes truly valued in proportion to the value placed on all other property in Pearl River and in proportion to all other property in all the other counties of the State of Mississippi. That by deliberate and intentional action on the part of the various tax assessors in the State of Mississippi, the Board of Supervisors of the various counties in the State of Mississippi, and the State Tax Commission of the State of Mississippi, all property in the State of Mississippi is consistently valued for tax purposes at sixty per cent. (60%) of its true or market value and such sixty per cent. (60%) basis of valuation was intentionally adopted by the various tax officials throughout the State of Mississippi and applied to all assessments on property, real and personal, made applicable on the biennial assessment applying to the years 1923 and 1924 and had been so consistently applied for many years prior thereto. That in conformity with the said practice and agreement in rendering their property as aforesaid to the assessor for taxation purposes, the plaintiffs valued the same at sixty per cent. (60%) of its market value."

That pleading also alleged that by the assessment of property of appellants which was approved by the board of supervisors of Pearl River county and by the state tax commission that property was assessed at 60 per cent. of its true market value, and that after the assessment rolls had been completed and approved by the board of supervisors and the state tax commission and had been delivered to the tax collector, appellants, prior to the bringing of this suit, paid to said tax collector all taxes that were due and owing for the years 1923 and 1924, being the taxes based on such assessment before it was increased. After the filing of an answer to the amended bill, the court appointed a master to take the evidence and to report his findings of law and fact as to questions stated in that order, including the following:

"As to whether or not there is or was a knowingly wilful and intentional discrimination against the plaintiffs in the valuation fixed on the plaintiffs' property by the additional value placed thereon on the land and timber by the appeal of the Attorney General by virtue of the judgment of the Circuit Court of Pearl River County, Mississippi, and the judgment of the Supreme Court of Mississippi in affirming said judgment, in the case of Knox vs. Edward Hines Yellow Pine Trustees, Case No. 1601 on the General Docket of Pearl River County Circuit Court: (a) comparing the valuation of the plaintiff's property with the property of the same character and with other property in Pearl River County and other Counties of the State of Mississippi. * * *

"As to all the law and facts relating to the trial in the Circuit Court on the appeal of the Attorney General from the plaintiffs' assessment and what law and facts and questions were presented, or might or should have been presented on the trial thereof and on appeal of the said cause to the Supreme Court of the State of Mississippi; and which issues, facts, questions and matters presented by the pleadings are res adjudicata."

The master took the evidence and made a report, stating findings which are mentioned below. The court overruled exceptions filed to that report, and rendered a final decree dismissing the amended bill.

The master in his report gave a negative answer to the first above set out question, finding that the evidence did not prove the discrimination therein described. The re-

port shows how the master reached that conclusion. It shows that he found that, the evidence did not show that property of taxpayers, either owners of yellow pine or other classes of property, was systematically, intentionally, and generally assessed uniformly at 60 per cent. of its true value, either in Pearl River county or in other counties in Mississippi; and that its value fixed for purposes of taxation varied in the widest degree from far above that percentage to far below it; and that the property of the appellants, after the assessment of it was increased by the above-mentioned judgment, was assessed for taxation at substantially less than 60 per cent. of its true value. It appears from the report that the conclusion that the charge of discrimination was not sustained was a deduction from the premises that the evidence showed that the property of the appellants, after the assessment of it was increased by the above-mentioned judgment, was assessed for taxation at a valuation substantially less than 60 per cent. of its true value, and that allegations of the amended bill amounted to an admission or concession that there was no discrimination against appellants unless their property was assessed for taxation at more than 60 per cent. of its true value. The report indicates that in reaching the conclusion that the charge of discrimination was not sustained the master was not influenced by the admitted fact that by the judgment sought to be enjoined the assessment of the timber on lands of the appellants was increased from $6 per thousand feet to $7.50 per thousand feet, or by uncontroverted testimony of apparently disinterested witnesses to the following effect: In assessing timberlands for taxation the practice prevailing generally throughout the state of Mississippi was that the assessing officials placed a per acre value on the land without the timber, and a value per thousand feet on the estimated number of feet per acre, the aggregate of those two sums being the assessed value per acre of the land including the timber on it. The timber in Pearl River county was assessed by the county officials as high as, if not higher than, similar timber in any other county. The assessment of appellants' land, including the timber on it, in Pearl River county which was appealed from was among the highest assessments of timberland in that county. A result of the 25 per cent. increase of the amount of the assessment of the timber on that land was that the land of the appellants was assessed at a valuation substantially higher than that at which similar timber land of other taxpayers in Pearl River county and in other counties generally and systematically was assessed.

It fairly appears from the master's report, considered in the light of the evidence which was before him, that he concluded or assumed that the charge of discrimination made by the amended bill could not be sustained if the evidence established that the land of the appellants, after the assessment of it for taxation was increased by the judgment sought to be enjoined, was assessed at less than 60 per cent. of its real value, whether such increase did or did not result in the land of appellants being intentionally assessed at a higher valuation than that at which other similar land generally and systematically was assessed. A result of such conclusion or assumption was that the allegations to the effect that Mississippi tax assessing officials deliberately and intentionally valued real and personal property for tax purposes at 60 per cent. of its true value were treated as being descriptive of a material or essential element of the discrimination charged. In other words, the variance found to exist between those allegations and the evidence was treated as material and fatal. The substance of the wrong charged consisted, not in assessing land of the appellants at more than 60 per cent. of its true value, but in doing what in effect amounted to an intentional violation of the essential principle of practical uniformity by assessing that land relatively higher than other similar lands and other property in Pearl River county and other counties legally subject to be taxed at the same rate. A substantial increase of the assessment of appellants' land over what similar land of other taxpayers generally and systematically was assessed at was a discrimination against appellants, whether the basis of valuation applied in assessing other similar land was 60 per cent. of its true value or a greater or smaller percentage of that value. Greene v. Louisville & Interurban R. R. Co., 244 U. S. 499, 516, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154; Chicago G. W. Ry. v. Kendall, 266 U. S. 94, 45 S. Ct. 55, 69 L. Ed. 183. The circumstance that allegations of the amended bill, to the effect that to permit the enforcement of the alleged increase of the assessment of appellants' land consequent upon increasing the assessment of timber on that land from $6 per thousand feet to $7.50 per thousand feet would result in requiring appellants' land to bear a greater burden of taxation than similar land of other taxpay-

ers, were accompanied by allegations to the effect that prior to such increase appellants' land and other similar property were assessed at 60 per cent. of their true value, did not indicate an intention of the appellants to admit or concede that they were not discriminated against by the alleged increase of assessment if after such increase their land was assessed for taxation at substantially less than 60 per cent. of its true value. The general tenor of the amended bill is inconsistent with the existence of an intention on the part of the appellants to admit or concede that, if the complained of increase in the assessment of their land did not result in it being assessed for as much as 60 per cent. of its true value, they were not discriminated against by the alleged increase of the assessment of their timber from $6 per thousand feet to $7.50 per thousand feet, while other similar timber generally and systematically was assessed at $6 per thousand feet. That pleading, excluding its allegations as to property being assessed at 60 per cent. of its true value, shows that the enforcement of the alleged increase of the assessment of appellants' land would result in that land being assessed relatively higher than similar property of other taxpayers subject to be taxed at the same rate, and in that land being required to bear a disproportionately greater burden of taxation. A cause of action alleged could be sustained by proving every fact which appellants were required to prove to obtain judgment in their favor. Chesapeake & Ohio R. Co. v. Dixon, 179 U. S. 131, 139, 21 S. Ct. 67, 45 L. Ed. 121. They were not required to prove allegations of facts not essential to the existence of a cause of action alleged. A discrimination against appellants was shown by allegations of the amended bill, excluding its allegations as to property being assessed for taxation at 60 per cent. of its true value. It follows that an asserted cause of action could be sustained without adducing evidence to support the last-mentioned allegations. The variance resulting from the failure of the evidence to sustain those allegations was not a material one. It was enough if the substance of an asserted cause of action was sustained by evidence. Nash v. Towne, 5 Wall. 689, 18 L. Ed. 527. Washington & Georgetown R. Co. v. Hickey, 166 U. S. 521, 532, 17 S. Ct. 661, 41 L. Ed. 1101. There was evidence tending to prove the substance of an alleged discrimination against the appellants. The record indicates that in passing on the question of discrimination due consideration was not given to that evidence.

In determining the legal effect of a discrimination alleged and proved, pertinent provisions of the Constitution and laws of Mississippi are to be considered. The Constitution of that state (section 112) provides that "taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. * * * Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value." Under statutory provisions real and personal property within the several counties, with exceptions not now material, is assessed by county assessors. A county board of supervisors in each county is charged with the duty of reviewing and equalizing those assessments. Hemingway's Annotated Mississippi Code 1927, § 8223. A state board of tax commissioners is charged with the duty of examining the assessment rolls of the several counties and of equalizing the tax valuations of the various classes of property as made in the respective counties. Id. § 9349. Appeals are allowed from assessments of taxes, the following being a provision on that subject:

"The county attorney, the district, or the attorney general, if the state, county or municipality be aggrieved by a decision of the board of supervisors or the municipal authorities of a city, town, or village as to the assessment of taxes, may, within twenty days after the adjournment of the meeting at which such decision is made, or within twenty days after the adjournment of the meeting at which the assessment rolls are corrected in accordance with the instructions of the state tax commission, or within twenty days after the adjournment of the meeting of the board of supervisors at which the approval of the roll by the state tax commission is entered, appeal to the circuit court of the county in like manner as in the case of any person aggrieved as hereinbefore provided, except no bond shall be required, and such appeal may be otherwise governed by the provisions of this section." Id. § 61.

At the time the Attorney General appealed from the assessment of appellants' land and at the time that assessment was increased as above stated, the Attorney General was entitled to receive for his own use 15 per cent. of the amount of additional taxes collected as a result of such increase. Id. § 2010. Prior to the taking of the appeal by the Attorney General, the Supreme Court of Mississippi had decided that under the above-quoted constitutional provision no discrimination in rates between different species of property was permitted, and that all prop-

erty must be taxed at the same rate on its true value (Chicago, R. I. & P. R. Co. v. Robertson, 122 Miss. 417, 422, 84 So. 449); but that where there was an appeal from an assessment if the taxpayer's property was assessed at not more than its true value, that assessment was not subject to attack on the ground that it resulted in the subject of it being assessed relatively higher than similar property of other taxpayers (Magnolia Bank v. Board of Supervisors of Pike County, 111 Miss. 857, 72 So. 697, 3 A. L. R. 1365); and that the only question presented to the court in such a proceeding, except such as grow out of any failure to comply with statutory requirements in raising the assessment, is: What is the true value of the property in question? Board of Supervisors v. National Bank, 119 Miss. 165, 80 So. 530. Prior to that time the court below had referred to the ruling in the case of Magnolia Bank v. Board of Supervisors of Pike County, supra, as supporting the conclusion that under the Mississippi law as construed by its highest court there was doubt as to there being any legal redress for such discrimination as is charged in the instant case. Gammill Lumber Co. v. Board of Supervisors (D. C.) 274 F. 630, 635. The just-cited decisions indicated that at the time of the trial which resulted in the increase of the assessment of appellants' land, an attempt by the appellants in such trial to prevent an increase of assessment which would not result in their land being assessed at more than what the evidence adduced showed was its true value would have been a futile gesture, though a result of that increase was that appellants' land was assessed at a valuation substantially higher than similar land of other taxpayers generally and systematically was assessed at. In the circumstances disclosed by the evidence referred to by the master, a manifest discrimination against the appellants could be effected in that trial at the instance of a public official who by a large financial reward was tempted to bring about the accomplishment of that result. It cannot fairly be denied that the legal situation existing at the time of that trial invited and facilitated a wrongful discrimination against the appellants in the assessment of their land for taxation.

In answering the second above set out question submitted to him, the master, after stating the issues raised by the pleadings which were before the state court in the trial on the above-mentioned appeal of the Attorney General, stated:

"As above stated, your Special Master upon the above authorities holds that even though said eight issues, etc., hereinabove set forth, are not res adjudicata, on the alleged ground that the Circuit Court in such tax appeal sat not as a court but as an administrative body, nevertheless, not having exhausted the remedies open to them before such administrative tribunal, Plaintiffs cannot in this Court be heard to assert the invalidity of such order or judgment of the Circuit Court of Pearl River County, Mississippi."

The master's report shows that in reaching his last-stated conclusion he was influenced by the conclusion that the Supreme Court of Mississippi, without expressly overruling its above-mentioned decision in the case of Magnolia Bank v. Board of Supervisors of Pike County, supra, had so changed its ruling in that case by its decisions in later cases (Knox v. Southern Paper Co., 143 Miss. 870, 108 So. 288; Redmond v. City of Jackson, 143 Miss. 114, 108 So. 444; and Edward Hines Yellow Pine Trustees v. Knox, 144 Miss. 560, 108 So. 907, 911), as to enable a taxpayer to obtain in a trial on an appeal from an assessment full, complete, and efficient relief against attempted unlawful discrimination by pleading and proving an intentional overvaluation of his property as compared with that of other taxpayers. Each of those three cases was decided by the Supreme Court of Mississippi after the trial which resulted in the judgment increasing the assessment of appellants' land, and after the institution of this suit. The last-cited case was a bill filed by the appellants in the chancery court of Pearl River county after the filing of the appeal by the Attorney General and before the trial on that appeal, which bill prayed that the defendants therein, including the Attorney General, be perpetually enjoined from prosecuting that appeal. The chancery court sustained a demurrer to the bill and dismissed the suit. The Supreme Court of Mississippi affirmed that decree, except the part of it allowing a fee to attorneys for the defendants in the suit for services rendered in securing the dissolution of a temporary injunction which had been issued. The opinion in that case contains the following:

"The constitutional and statutory provisions on the subject require that property shall be assessed at its true value, but, if it be conceded that the Attorney General is seeking to have the property of appellants assessed at 100 per cent. of its value, while

other property of the county is assessed at only 60 per cent. of its value, and that so to do would violate the equality and uniformity provisions of the state and United States Constitutions, still the presumption must be indulged that the circuit court, upon the trial of the appeal, will proceed in accordance with law and administer the law of the land as manifested in these constitutional mandates."

But that opinion shows that the court concluded that there was an "all-sufficient reason why this injunction to stay a proceeding to revise an assessment for taxes cannot be maintained," in that by the statute which authorized the appeal by the Attorney General the circuit court was designated as a special statutory tribunal to hear and determine such appeals; that there is no inherent power in a court of equity to revise or equalize assessments for taxes; and that the chancery court, being without power or authority to draw to itself and determine the questions of revision, equalization, or correction of the assessment, was without power to enjoin the prosecution of the tax appeal in the forum specially designated by statute to hear and determine those questions. The case of First National Bank of Biloxi v. Board of Supervisors of Harrison County, 157 Miss. 197, 127 So. 686, was decided by the Supreme Court of Mississippi after it had decided the three cases above cited and referred to by the master in support of his conclusion. The opinion in that case shows that the court, when the question now under consideration was presented for decision, instead of overruling or modifying its ruling in the case of Magnolia Bank v. Board of Supervisors of Pike County, supra, expressly declined to overrule that case, and approved and followed the ruling therein, with the result that it decided that in a trial on an appeal from an assessment of property for taxation a taxpayer whose property was assessed at its true or 100 per cent. value could not challenge that assessment on the ground that at the time it was made all other property was deliberately and intentionally assessed at 65 per cent. of its value. At the time of the trial on the appeal of the Attorney General, the legal situation with reference to the subject of resisting a proposed increase of assessment on the ground that by such increase the taxpayer unlawfully would be discriminated against was that prior to that time the highest court of the state had decided that such increase, if it did not result in the subject of it being assessed at more than its true value, could not be complained

of on the ground that similar property at that time intentionally and systematically was assessed at a substantially lower valuation, and that the ruling to that effect then remained unreversed and unmodified. This being so, it seems unreasonable to base on what was said in opinions subsequently rendered a conclusion that at the time of such trial a plain, complete, and adequate legal remedy was available to the taxpayer. That such a conclusion was unwarranted is demonstrated by a still later decision of the same court expressly reaffirming and following the ruling on the subject made by it prior to that trial. Certainly a suggested remedy which, before and after the time there was occasion to resort to it if it existed, was adjudged to be nonexistent by the highest court of the jurisdiction in which an attempt to invoke it might be made, cannot properly be said to be either plain, adequate, or complete. We conclude that the master erred in his last above set out finding to the effect that in the trial which resulted in the judgment increasing the assessment of the land of the appellants they could have defeated the unlawful discrimination charged in their amended bill by pleading and proving that an effect of such increase was an intentional overvaluation of that land as compared with the valuation for taxation of similar property of other taxpayers. We are not advised of the existence of any other legal means of preventing such discrimination or of obtaining adequate redress therefor.

█ It is to be inferred from the record that the decree appealed from was a result of the court accepting as correct the master's findings of fact and conclusions of law, including those above set out and discussed. In so doing the court, as above indicated, failed to pass on evidence bearing on a charge of unlawful discrimination made by allegations of the amended bill, and denied the asserted right of the appellants to equitable relief when no legal remedy for a wrong complained of was available to them. There being allegations and proof of a discrimination against appellants which was violative of rights conferred on them by the Constitution of Mississippi and the Fourteenth Amendment to the Constitution of the United States, and there being no plain, adequate, and complete legal remedy for the redress of the alleged wrong, the court erred in its above-indicated disposition of the issues in the case. Greene v. Louisville & Interurban R. R. Co., 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88. Where there is evidence supporting allegations of

916

a cause of action, that evidence should be considered and passed on by the trial court before a reviewing court is called on to pass on it. Wilson Cypress Co. v. Pozo, 236 U. S. 635, 657, 35 S. Ct. 446, 59 L. Ed. 758. This not having been done with reference to a cause of action asserted by the amended bill, we do not undertake to determine whether that cause of action was or was not established by evidence. There are other questions raised by the record which will not have to be passed on except in the event of the failure of the appellants to sustain a pleaded charge of unlawful discrimination. We do not undertake to pass on those questions before it is known that a decision of them will be required.

Because of the above-mentioned errors, the decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.